**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL M. WEADICK,** | : | **CIVIL ACTION NO. 1:26-CV-595** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Paul M.

Weadick, challenges the legality of a criminal conviction in the United States

District Court for the District of Massachusetts. The petition will be dismissed

without prejudice for lack of jurisdiction.

## I.    <u>Background</u>

Weadick was convicted in the District of Massachusetts for murdering a

witness to prevent him from talking to federal agents based on the 1993 killing of

Steven DiSarro.[1] <u>United States v. Weadick</u>, 15 F.4th 1, 6 (1st Cir. 2021). He was

sentenced to life in prison. He appealed his conviction to the First Circuit, which

affirmed on September 24, 2021. <u>Id.</u> at 20. Weadick then moved to vacate his

sentence in the trial court pursuant to 28 U.S.C. § 2255, but his motion was denied

on April 18, 2025. <u>United States v. Weadick</u>, No. 16-CR-10258, 2025 WL 1149716,

---

[1] A significant amount of time elapsed before Weadick was criminally
charged because DiSarro's body was not found until approximately twenty years
after he was killed. <u>Id.</u> at 7-8.

at *7 (D. Mass. Apr. 18, 2025). Weadick appealed, but the First Circuit declined to issue a certificate of appealability on October 6, 2025, and dismissed the appeal. Weadick v. United States, No. 25-1468 (1st Cir. Oct. 6, 2025).

Weadick filed the instant case pursuant to 28 U.S.C. § 2241 on March 10, 2026. (Doc. 1). He asserts that the trial court made several "plain errors" that entitle him to habeas corpus relief. (Id.) He additionally argues that the court has jurisdiction because he is no longer able to file a motion to challenge his sentence pursuant to Section 2255. (Docs. 1, 1-2).

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United

2

States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120; 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Weadick clearly challenges the legality of his conviction and sentence, and he has not shown that Section 2255 is inadequate or ineffective to adjudicate his claims. Weadick's sole argument as to how this court has jurisdiction is that Jones v. Hendrix, 599 U.S. 465 (2023), "ended" Section 2255's saving clause (Doc. 1 at 8; Doc. 1-2 at 4), and that this court accordingly has "full discretion and authority to preside over this case." (Doc. 1-2 at 4).

Weadick misunderstands Jones. Jones does not "end" the saving clause or make it easier to seek Section 2241 habeas corpus relief in any other manner. To the contrary, Jones narrows the scope of relief that may be sought in a Section 2241

habeas petition by abrogating the holdings in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) and several related decisions from other circuits that previously allowed petitioners to seek habeas corpus relief based on an intervening change in statutory interpretation. Jones, 599 at 471. Jones clarifies that a petitioner can seek habeas corpus relief under Section 2241 "if—and only if" Section 2255 is "inadequate or ineffective" to adjudicate his claims, see id. at 471, which generally only applies in "unusual circumstances" such as the petitioner's sentencing court no longer existing or it being physically impossible for the petitioner to get to the sentencing court, see id. at 474-75, 478. The Court explains that the petitioner's inability to comply with the stringent procedural requirements necessary to file a second or successive Section 2255 motion in the sentencing court "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.

Thus, because Weadick's petition challenges the legality of his conviction and sentence and he has not shown that Section 2255 is inadequate or ineffective to adjudicate his claim, his claims must be brought in a Section 2255 motion in the sentencing court, and this court does not have jurisdiction to decide his petition.

4

## IV.    Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for lack of jurisdiction. An appropriate order shall issue.


/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 30, 2026